## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

**IRVINE HODGE, JR.,**        )  D.C. CV. NO. 2004/0044
        Petitioner,         )
                         )
        v.               )
                         )
**UNITED STATES OF AMERICA,**    )
        Respondent.     )
_____)

**Copies to:**
    Magistrate Geoffrey W. Barnard
    Bernard VanSluytman, Esq.
    Nelson Jones, AUSA
    Irvine Hodge, Jr., #03916-094, USP Coleman 1, P.O. Box 1033,
        Coleman, FL 33521 (Please Mark: LEGAL MAIL: OPEN IN
        PRESENCE OF INMATE ONLY)
    Law Clerk-TLB
    C. Francis

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Irvine Hodge's ("Hodge" or "Petitioner") motion to vacate, set side, or correct his sentence under 28 U.S.C. § 2255.[1]  No response was sought from the Government.

### I. FACTS AND PROCEDURAL HISTORY

Inasmuch as this opinion is written for the parties, who are familiar with the facts, the Court will not set forth the background of this case at length.  Defendant pled guilty to first

---

[1]    Hodge's motion under 28 U.S.C. § 2255 was filed by counsel, Bernard M. VanSluytman, Esq.  Hodge filed subsequent pleadings *pro se.*  The Court is satisfied that Hodge was adequately informed by the Honorable Thomas K. Moore of the consequences of filing a motion under § 2255 as required by *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999).  (*See United States v. Hodge*, D.C. CR. NO. 1999/0006, Order of December 31, 2003 at 3-4.)

*Hodge v. USA*
D.C. CV. NO. 2004/0044
Mem. Opinion & Order
Page 2

degree murder and was sentenced by the Honorable Thomas K. Moore[2]

to life imprisonment on March 12, 2002.  Hodge's counsel, Bernard

M. VanSluytman, Esq., filed a Motion to Correct Sentence pursuant

to FED. R. CRIM. P. 35(c) arguing that: (1) this Court "committed

clear error" in sentencing him to life imprisonment "without having

given consideration for downward departure to defendant's

substantial assistance to the United States as contemplated by

United States Sentencing Guideline § 5k1.1 and the parties plea and

supplemental plea agreements;" and (2) because he "was not the

leader of any other person" the Court erred by increasing his base

level by 2 points for his "leadership" role in the offense for

which he stands convicted.  VanSluytman argued that he objected to

the base level increase prior to and during the sentencing.

Judge Moore amended the judgment *sua sponte* on March 15, 2002

to correct clerical errors.  Hodge then filed a Motion to Have

Conceded the Motion to Correct Sentence.  Lastly, Mr. VanSluytman

filed an "Information Motion" on December 5, 2002 stating:

> Undersigned counsel is of the opinion that the post trial
> motion filed by Defendant on March 11, 2002 and April 2,
> 2002 are appropriate for an Order of the District Court
> before Defendant's timeliness for filing an appeal, if
> necessary, can be ascertained.  Otherwise the Defendant
> is held in the procedural [l]imbo he now finds himself.
>
> Defendant Irvine Hodge, Jr. respectfully moves this
> Honorable Court to respond to the motions previously made
> by issuing an appropriate final Order, or issuing an

---

[2]     Judge Moore retired from the bench on January 3, 2005.  This
matter was reassigned to the undersigned in July 2007.

*Hodge v. USA*
D.C. CV. NO. 2004/0044
Mem. Opinion & Order
Page 3

Order which would determine that Defendant Hodge's request for the appointment of a lawyer may be viewed as a Notice of Appeal and sufficient for the appointment of an attorney.

(Hodge's Information Mot. at 2.)  Hodge did not file a Notice of Appeal, but opted instead to await a ruling on his Motion to Correct Sentence.

Then, on April 2, 2003, Hodge filed a *pro se* Motion to File Notice of Appeal Out of Time (D.C. CR. NO. 1999/006).  In an Order entered on January 8, 2004, Judge Moore ruled that a Rule 35 motion does not toll the time within which to file a notice of appeal, and denied Hodge's motion to file his appeal out of time.  Hodge was instructed to inform the Court no later than February 6, 2004 regarding whether he consented to recharacterization of his Motion to Correct Sentence to a motion to vacate set aside or correct his sentence pursuant to 28 U.S.C. § 2255.[3]  If Hodge agreed to recharacterization, he had thirty (30) days after the Court received notice of his consent within which to supplement his claims.  Hodge's § 2255 motion is now before the Court.

## II. DISCUSSION

### A. Issues

The § 2255 motion filed by Attorney VanSluytman on March 1,

---

[3]      *See United States v. Miller*, 197 F.3d 644 (3d Cir. 1999).

*Hodge v. USA*
D.C. CV. NO. 2004/0044
Mem. Opinion & Order
Page 4

2004[4] raises the following issues:

> 1) That the Plea Agreement was breach by the Government's failure to seek a reduction of Hodge's sentence for substantial assistance pursuant to FED. R. CRIM. P. 35.

> 2) That Hodge is entitled to a sentence reduction pursuant to Rule 35(3).

> 3) That Hodge's sentence should be reduced because he was not a leader in the transaction.

> 4) That Hodge was not aware that a Rule 35 motion does not toll the time within which to file a notice of appeal, and, therefore did not know when his time for filing an appeal ended until Judge Moore so ruled.

Then, on August 16, 2005, nineteen (19) months after Judge Moore denied Hodge's motion to correct his sentence and motion to file his appeal out of time, Hodge filed a *pro se* motion to supplement his § 2255 motion.  Hodge's motion alleged:

> 1) That the Government breached the Plea Agreement when it "tacitly recommended" a life sentence by not recommending a specific sentence; failed to inform the Court of the nature and extent of Petitioner's cooperation; and failed to file a § 5K1.1 motion; and

> 2) That he was deprived of his right to file an appeal as a direct result of the ineffective assistance of counsel.

**B. Hodge's motion to submit a memorandum of law is untimely.**

The only explanation Hodge gives for his late filing is that after Mr. VanSluytman's January 30, 2004 Post-Trial Motion for Correction of Error and Reconsideration, Hodge filed on March 1,

---

[4]     Hodge's § 2255 motion was first docketed in D.C. Criminal No. 1999/006 on March 1, 2004, and subsequently re-filed in a new civil case, D.C. Civil No. 2004/044, on April 23, 2004.

*Hodge v. USA*
D.C. CV. NO. 2004/0044
Mem. Opinion & Order
Page 5

2004 a *pro se*[5] habeas petition under § 2255.  (Mot. To Submit Mem. of Law in Support of § 2255 Petition at 2.)  Hodge further states that he "did not accompany [his] § 2255 [h]abeas Petition with [a] supporting Memorandum of Law.  Thus, Petitioner now submit's [sic] Memorandum of Law in Support of his § 2255 Habeas Petition." (*Id.* at 3.)

Hodge's only viable claim, namely ineffective assistance of counsel, was new and distinct from the claims asserted in his March 1, 2004 § 2255 motion, and thus added an entirely new claim or new theory of relief after the time period allotted not only by the AEDPA, but also by Judge Moore's Order entered on January 8, 2004. *See, e.g., United States v. Thomas,* 221 F.3d 430, 436 (3d Cir. 2000) ("Thus, we hold that Rule 15(c)(2) applies to § 2255 petitions insofar as a District Court may, in its discretion, permit an amendment to a petition to provide factual clarification or amplification after the expiration of the one-year period of limitations, as long as the petition itself was timely filed and the petitioner does not seek to add an entirely new claim or new theory of relief.").  The Court finds that Hodge's August 2005 motion to submit a memorandum of law in support of his motion under § 2255 is untimely, and prohibited by this Court's interpretation

---

[5]    The § 2255 motion filed on March 1, 2004, was signed by both Attorney VanSluytman and Hodge.  VanSluytman also signed the Certificate of Service stating that he had served a copy of the § 2255 motion on Nelson Jones, AUSA.

*Hodge v. USA*
D.C. CV. NO. 2004/0044
Mem. Opinion & Order
Page 6

of FED. R. CIV. P. 15(c).  Therefore, the issues raised in Hodge's

*pro se* memorandum of law will not be considered.

**C. The issues raised in the March 1, 2004 motion under 28 U.S.C. § 2255 are procedurally barred.**

The Court must determine whether the issues raised by Mr.

VanSluytman are procedurally barred.  It is well-established that

habeas review is an extraordinary remedy, and a § 2255 motion is

not a substitute for a direct appeal.  *See Bousley v. United*

*States*, 523 U.S. 614, 621 (1998) (citations omitted); *United States*

*v. Frady*, 456 U.S. 152, 165 (1982); *Gov't of the Virgin Islands v.*

*Nicholas*, 759 F.2d 1073, 1074-75 (3d Cir. 1985).  Section 2255

serves only to protect a petitioner from a violation of the

constitution or from a statutory defect so fundamental that a

complete miscarriage of justice has occurred.  *See Reed v. Farley,*

512 U.S. 339, 348 (1994).  "For this reason, *nonconstitutional*

claims that could have been raised on appeal, but were not, may not

be asserted in collateral proceedings."  *Stone v. Powell*, 428 U.S.

465, 477 n.10 (1976) (emphasis added).

Hodge did not file an appeal, and did not challenge the

validity of his plea.[6]   Instead, he seeks to have his sentence

---

[6]     Even if Hodge had challenged the validity of his plea, the Court
notes that there are limited circumstances under which a guilty plea may be
attacked on collateral review.  *See Bousley*, 523 U.S. at 621.  As the U.S.
Supreme Court states in *Bousley*,
        "It is well settled that a voluntary and intelligent plea of
        guilty made by an accused person, who has been advised by
        competent counsel, may not be collaterally attacked."  And even
        the voluntariness and intelligence of a guilty plea can be

*Hodge v. USA*
D.C. CV. NO. 2004/0044
Mem. Opinion & Order
Page 7

vacated and the case remanded for plea withdrawal based on the Government's alleged breach of the plea agreement, and its failure to file a § 5K1.1 substantial assistance motion.

Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate "cause" and "actual prejudice," *Murray v. Carrier,* 477 U.S. 478, 485, 106 S.Ct. 2639, 2643-2644, 91 L.Ed.2d 397 (1986); *Wainwright v. Sykes,* 433 U.S. 72, 87, 90 (1977), or that he is "actually innocent," *Murray, supra,* at 496, 106 S.Ct., at 2649-2650; *Smith v. Murray,* 477 U.S. 527, 537, 106 S.Ct. 2661, 2667-2668, 91 L.Ed.2d 434 (1986). Hodge's § 2255 motion fails to adequately demonstrate cause for the default and actual prejudice resulting therefrom, and he has not alleged that he is actually innocent. The Court, therefore, finds that the claims raised in the § 2255 motion filed by Mr. VanSluytman are procedurally barred.

**III. CONCLUSION**

For the reasons stated, Hodge's motion under 28 U.S.C. § 2255 is denied. An appropriate order follows.

---

attacked on collateral review only if first challenged on direct review. Habeas review is an extraordinary remedy and "'will not be allowed to do service for an appeal.'" Indeed, "the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas." *Id.* (internal citations omitted).

*Hodge v. USA*
D.C. CV. NO. 2004/0044
Mem. Opinion & Order
Page 8

E N T E R:

/s/
_____
RAYMOND L. FINCH
DISTRICT JUDGE

A T T E S T:
Wilfredo F. Morales
Clerk of the Court

/s/
_____
By:  Deputy Clerk

> **IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
> **DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **IRVINE HODGE, JR.,** ) | |
| Petitioner, ) | D.C. CV. NO. 2004/0044 |
| ) | |
| v. ) | |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| Respondent. ) | |
| _____ ) | |

> **O R D E R**

For the reasons stated in the accompanying opinion of even date, it is hereby

**ORDERED** that Hodge's motion to expedite his motion under 28 U.S.C. § 2255 is **GRANTED**; and further

**ORDERED** that Hodge's motion under 28 U.S.C. 2255 is **DENIED**;

**ORDERED** that Hodge's *pro se* motion to submit a memorandum of law in support of his motion under 28 U.S.C. § 2255 is **DENIED** as untimely;

**ORDERED** that **no certificate of appealability will be issued**;

**ORDERED** that the Clerk of the Court shall **CLOSE** this file.

**DONE AND SO ORDERED** this <u>19</u> day of September 2007.

**E N T E R:**

**/s/**
_____
**RAYMOND L. FINCH**
**DISTRICT JUDGE**

*Hodge v. USA*
D.C. CV. NO. 2004/0044
Order
Page 10

**A T T E S T:**

**WILFREDO F. MORALES**


**/s/**
_____

**By: Deputy Clerk**

**Copies to:**

     Magistrate Geoffrey W. Barnard
     Bernard VanSluytman, Esq.
     Nelson Jones, AUSA
     Irvine Hodge, Jr., #03916-094, USP Coleman 1, P.O. Box 1033,
          Coleman, FL 33521 (Please Mark: LEGAL MAIL: OPEN IN
          PRESENCE OF INMATE ONLY)
     Law Clerk-TLB
     C. Francis